**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN : 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Casey Lowe

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY LOWE, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>        vs.<br><br>LIBERTY 1 MORTGAGE, INC.<br><br>                  Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. §§ 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//

CLASS ACTION COMPLAINT

## **INTRODUCTION**

1. Plaintiff CASEY LOWE ("Plaintiff"), individually and on behalf of all others similarly situated, brings this nationwide Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LIBERTY 1 MORTGAGE, INC. ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA") and related regulations, including 47 C.F.R. § 64.1200(d), thereby invading Plaintiff's privacy.

2. In 1991, Congress passed the TCPA in response to complaints about certain telemarketing practices. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. The United States Court of Appeals for the Ninth Circuit has held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *See Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

4. Although a caller may obtain prior express consent from a consumer, prior express consent may nevertheless be revoked.

5. The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

6. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

7.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.     Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9.     Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violations of federal law. 47 U.S.C. § 227(c).

11.     Because Defendant conducts business within the State of California, personal jurisdiction is established.

12.     Venue is proper in the United States District Court for the Eastern District of California pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

    (a)     Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)     Defendant is located in this district;

    (b)     Defendant does substantial business within this district;

    (c)     Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed itself of the laws and markets within this district; and,

    (d)     the harm to Plaintiff originated from within this judicial district.

**PARTIES**

13.    Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California.    Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

14.    Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a domestic limited liability company whose principal place of business and/or headquarters is located in Livonia, Michigan. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and within this judicial district.

**FACTUAL ALLEGATIONS**

15.    On or about April 24, 2023, Defendant began sending telemarketing text messages to Plaintiff's cellular telephone number ending in 7561 (the "Cell Phone").

16.    On the same day Plaintiff responded with the word "STOP" in an attempt to opt-out of any further telemarketing text message communications with Defendant.

17.    Despite Plaintiff's express request that Defendant "STOP" sending Plaintiff further, Defendant ignored Plaintiff's opt-out demand and sent Plaintiff four more telemarketing text messages between April 24, 2023, and May 6, 2023.

18.    Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

19.    Defendant's text messages constitute telemarketing because they encouraged, the future purchase of investment in property, goods, or services, i.e., selling Plaintiff mortgage lending services.

20.    The information contained in the text message advertises Defendant's different products, Dependent sends to promote its business.

21.    Plaintiff received the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals

residing within this judicial district.

22.     Plaintiff is the subscriber and sole user of the Cell Phone and is financially responsible for phone service to the Cell Phone.

23.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

24.     The text messages originated from telephone number 248-230-8086, a number which upon information and belief is owned and operated by Defendant.

25.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

26.     Furthermore, Defendant's text messages took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited text messages like Defendant's poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that voice message solicitations much like the text message solicitations sent by Defendant present a "triple threat" of identity theft, unwanted cell phone charges, and slower cellphone performance).

27.     Defendant's text messages also can slow cell phone performance by taking up space on the recipient phone's memory. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that spam voice messages much like text messages can slow cellphone performance by taking up phone memory space).

**STANDING**

28.    Plaintiff has standing under Article III of the Constitution for Plaintiff's claims because (i) Plaintiff properly alleges injuries in fact, (ii) which are traceable to Defendant's unlawful acts, and (iii) are likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016).

### *Injury in Fact*

29.    Plaintiff's injury must be sufficiently "concrete" and "particularized" to satisfy the requirements of Article III. *Id.* at 1547.

30.    For an injury to be concrete, it must be "*de facto*," that is, it must actually exist. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982 (9th Cir. 2017). Here, Plaintiff has suffered a concrete injury as Defendant sent multiple unsolicited text message solicitations to Plaintiff's cellular telephone after Plaintiff requested that Defendant stop. Those text messages are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

31.    An injury is "particularized," if it affects the plaintiff in a personal and individual way. *Spokeo*, 136 S. Ct. at 1548. Here, Plaintiff's injury is particularized as Defendant invaded Plaintiff's privacy by sending multiple unsolicited text message solicitations to his cellular telephone after Plaintiff requested that Defendant stop. Plaintiff became distracted, annoyed, and aggravated each time she received Defendant's unsolicited text messages. All of these injuries are particularized and specific to Plaintiff, and are the same injuries suffered by each member of the putative Class.

### *Traceable to Defendant*

32.    Plaintiff must have suffered an injury in fact that is traceable to Defendant. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

33.    Defendant's text messages are directly and explicitly linked to them. The text messages Defendant sent to Plaintiff indicate they were sent from Defendant. In addition, each text message references lending, refinancing, or rates, which is Defendant's main line of business. Defendant's text messages are the sole source of

Plaintiff's and the Class Members' injuries.

***Redressable by Judicial Order***

34. Plaintiff must have suffered an injury in fact that is redressable by judicial order. *Id.*

35. Plaintiff's Prayer for Relief includes a request for damages for the text messages Defendant sent, as authorized by statute. *See* 47 U.S.C. § 227(b)(3). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and the Class Members.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

37. Plaintiff brings this case on behalf of Classes defined as follows:

> **Internal Do Not Call Class:**
> All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number after making a request to Defendant to not receive future text messages.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Upon information and belief, Defendant has placed unsolicited telemarketing calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who have requested that Defendant stop or indicated that they do not wish to receive further calls or text messages. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

40. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call

records.

41.　There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

      (a)　Whether Defendant violated 47 U.S.C § 227(c)(2);

      (b)　Whether Defendant violated 47 C.F.R. § 64.1200(d);

      (c)　Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

      (d)　Whether Defendant's conduct was knowing and willful;

      (e)　Whether Defendant adhered to requests by Plaintiff Class members to stop sending text messages to their telephone numbers;

      (f)　Whether Defendant keeps records of text recipients who revoked consent to receive text messages;

      (g)　Whether Defendant has any written policies for maintaining an internal do not call list;

      (h)　Whether Defendant is liable for damages, and the amount of such damages; and

      (i)　Whether Defendant should be enjoined from such conduct in the future.

42.　The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

43.　Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

44.　Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly,

Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

46. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE TCPA 47 U.S.C. §§ 227(c)(2)

### *(On Behalf of Plaintiff and the Internal Do Not Call Class)*

47. Plaintiff repeats and realleges the paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

48. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5). Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> "(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

47 C.F.R. § 64.1200(d)(3), (6)

50. Under 47 C.F.R. § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wires telephone numbers.

> "(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 C.F.R. § 64.1200(e)

51. Plaintiff and Class members made requests to Defendant not to receive calls from Defendant.

52. Defendant failed to honor Plaintiff and Class members' requests.

53.     Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

54.     Because Plaintiff and members received more than one text message in a 12- month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

55.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

56.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

57.     Plaintiff and class members also suffered damages in the form of invasion of privacy.

58.     Plaintiff and class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

- An order certifying this action to be as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and counsel as Class Counsel;

- An award of actual and statutory damages;

- An order declaring that Defendant's actions as set out above, violate the TCPA;

- An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

- Such further and other relief as the court deems necessary.

# DEMAND FOR JURY TRIAL

59.     Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 22, 2024                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:     */s/ Abbas Kazerounian*
        ABBAS KAZEROUNIAN, ESQ.
        DAVID J. MCGLOTHLIN, ESQ.
        MONA AMINI, ESQ.
        GUSTAVO PONCE, ESQ.
        *Attorneys for Plaintiff*